■ In the Matter of the Claim of EDWARD LAND, Respondent, v. DUDLEY LUMBER COMPANY et al., Appellants, and LAWLESS BROS. PAPER MILLS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the Dudley Lumber Company, employer, and its insurance carrier from decisions of the Workmen's Compensation Board, filed January 24, 1968 and May 21, 1968, awarding compensation to the claimant. The right of the claimant to compensation benefits and the amount thereof are not in issue upon this appeal. The claimant suffered an industrial accident in 1959 to his back while employed by Lawless Bros. Paper Mills, Inc. Claimant

was employed by the appellant employer from April 15, 1965 to May 8, 1965 and his employment involved the lifting of heavy timber (150 pounds) about once or twice a week. The board found that "such lifting caused a further weakening of claimant's already weakened back and constitutes an accidental injury". The appellants contend that the lifting constituted only minor traumas and therefore the record does not support the finding of "accident". The record does not sustain the finding of an accident, not for the reason argued by the appellants as to "minor traumas", but because the medical proof does not sustain such finding. There is no evidence, including the testimony of the claimant, that any one specific incident caused his disability. (See *Matter of Lerner* v. *Rump Bros.*, 241 N. Y. 153.) The medical testimony likewise does not support such finding and is best exemplified by the claimant's doctor when he stated: "This man has a degenerative back and although he has no recent accident or specific injury to the back, I believe that he has suffered an aggravation of a pre-existing condition by the heavy lifting and bending which he was doing delivering lumber. I believe there is causal relation therefore to his occupation." The factual situation is similar to that found in *Matter of Bruzdowski* v. *Coleco Ind.* (30 A D 2d 886), in which awards have been reversed. The respondent's contention that the record is sufficient to sustain a finding of "occupational disease" is not substantiated and, in any event, was not the finding of the board. Decisions reversed, with costs to appellants, and matter remitted to the board for further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Reynolds, Staley, Jr. and Cooke, JJ., concur in memorandum by Herlihy, J.